IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH REYES,** | : | **CIVIL NO. 1:12-CV-2004** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JEROME WALSH,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

**I.      Background**

On October 5, 2012, Plaintiff, Kenneth Reyes, filed a complaint pursuant to 42 U.S.C. § 1983 alleging personnel at the State Correctional Institution at Dallas have violated his constitutional rights. The allegations in the complaint consist of tampering with his mail, losing or stealing his personal property, and retaliation for filing grievances. (Doc. 1, ¶ 10-17, 21.)

On November 29, 2012, Reyes filed a motion for "a court-ordered" "transfer" to another state facility. (Doc. 15 at p. 1.) He claims "that by being a resident and under the rulership and/or parenting guardianship of the offenders/defendants on his civil complaint, is not only a conflict of interest but an injustice and threat to my life and well being . . . ." (*Id.*) He seeks from this court a "permanent court ordered transfer to protect plaintiff from abuse of staff." (*Id.*)

At first glance, this motion can be interpreted only as a request for a transfer to another prison. The magistrate judge to whom this matter was referred interpreted the motion to be a motion for a preliminary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The magistrate judge filed a report and recommendation (Doc. 30) addressing the motion and recommended that the motion be denied. (*Id.* at p. 11.) On March 8, 2013, Reyes filed objections to the report and

recommendation. (Doc. 31.) No response from Defendants has been filed and the matter is ripe for disposition.

**II. <u>Discussion</u>**

**A. Transfer to Another Prison**

Interpreting the motion as limited to a request for only an order of transfer to another prison, Reyes' motion fails. Well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *Olsen v. Lackawanna*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montague v. Haymes*, 427 U.S. 236, 242 (1976). On this issue alone, Reyes is not entitled to relief.

**B. Preliminary Injunction**

To the extent that the motion can be interpreted as a preliminary injunction requesting relief against prison personnel to enjoin defendants from tampering with his mail, stealing his personal property, and retaliatory actions against him for filing grievances, this claim will also be denied.

The magistrate judge addressed the legal standards that must be met in granting a preliminary injunction: (1) movant must show a reasonable probability of success; (2) movant must show that he/she will be irreparably injured by denial of the relief; (3) whether the granting of the relief will not result in even greater harm to the non-moving party; and (4) whether the granting of the preliminary injunction will be in the public interest. (Doc. 30 at p. 2.)

The magistrate judge made a thorough analysis of these standards and applied them to Reyes' allegations. The magistrate judge concluded that Reyes did not meet any of the requirements for preliminary injunctive relief. (*Id.* at p. 1-7, 9-

10.) In Reyes' objections to the report and recommendation (Doc. 31), he avers that the report and recommendation should be rejected because his life is in danger, he receives threats and is fearful of his meals and search teams finding planted drugs and weapons in his cell.  He believes that the confiscation of his legal documents and personal law books is part of a "bigger plan."  (*Id.* at p. 5.)  These are claims of the possibility of remote future injury.  He does not show that he faces immediate, irreparable harm. Reyes has not shown that he will suffer harm that " 'cannot be redressed by a legal or an equitable remedy following trial.' *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 822 F.2d 797, 801 (3d Cir. 1989). . . ." (Doc. 30 at p. 9.)

**III.      Conclusion**

For the reasons stated above, the report and recommendation will be adopted.  An appropriate order will be issued.

                                                       s/Sylvia H. Rambo
                                                      United States District Judge

Dated:  April 2, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KENNETH REYES,** : CIVIL NO. 1:12-CV-2004
:
    **Plaintiff** : **(Judge Rambo)**
:
v. : **(Magistrate Judge Carlson)**
:
**JEROME WALSH,** *et al.*, :
:
    **Defendants** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Carlson (Doc. 30).

2) The motion for a preliminary injunction (Doc. 15) is **DENIED**.

3) This case is remanded to Magistrate Judge Carlson.

                                                                s/Sylvia H. Rambo
                                                                United States District Judge

Dated: April 2, 2013.