# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH B. REYES,** | : | Civil No. 1:12-CV-2004 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **JEROME W. WALSH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

The *pro se* plaintiff in this action, Kenneth B. Reyes, is an inmate in the custody of the Pennsylvania Department of Corrections, currently housed at the State Correctional Institution at Dallas ("SCI-Dallas"). Reyes commenced this action against a number of Department of Corrections officials and employees at SCI-Dallas, alleging that these defendants violated his rights under the United States Constitution by delaying the delivery of his prison mail, tampering with his mail, misplacing the deed to Reyes's home, and retaliating against him for filing grievances relating to these alleged violations. (Doc. 1, Compl., ¶¶ 10-17, 21.) For what he perceived as the defendants' violations of various constitutional rights, Reyes seeks declaratory relief, preliminary and permanent injunctive relief ordering the defendants to discontinue their retaliatory conduct, $25,000 in compensatory damages from each defendant, and $60,000 in punitive damages from each defendant.

The defendants moved to dismiss the complaint, arguing that Reyes has failed to state a claim upon which relief can be granted. (Doc. 22.) In support of their motion, the defendants relied on well-settled law to show that Reyes's claims that prison officials failed to adhere to prison policies are insufficient to state a constitutional violation. The defendants also maintained that Reyes cannot bring a constitutional claim against prison officials on the grounds that these officials mishandled his grievances, since Reyes had no constitutional right to a grievance process in the first place. In addition, the defendants urged the Court to dismiss Reyes's conspiracy claims as conjectural and insufficiently pled, and to dismiss claims against supervisory officials for a lack of sufficient personal involvement in the alleged constitutional violations. Lastly, the defendants argued that Reyes's equal protection claim failed as a matter of law, and that Reyes's claims against the defendants in their officials capacities are barred by the Eleventh Amendment to the United States Constitution. Upon consideration, we found that Reyes's complaint was subject to dismissal for a host of reasons and recommended that the Court grant the defendants' motion to dismiss, but without prejudice to the plaintiff being given one final opportunity to correct the manifest defects in the complaint as currently drafted.

The district court adopted this report and recommendation, (Doc. 47.), and remanded this matter to the undersigned for further pretrial management. Reyes, in turn, has filed a motion for leave to proceed on an amended complaint, and a motion to withdraw his claims relating to mail handling, property loss, grievance processing, and alleged equal protection violations. (Docs. 44 and 46.) Reyes has also prepared a proposed amended complaint, which deletes these claims, and withdraws his claims against one former defendant, Dorina Varner. (Doc. 44-1.) The defendants have not opposed these motions.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings, strongly favors amendment of pleadings at the outset of litigation, and provides in pertinent part as follows:

> **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading

In this case the plaintiff timely moved to amend this complaint. Therefore, the motion to amend (Doc. 44.) and motion to withdraw claims and parties, (Doc,. 46.), are GRANTED, the case is CLOSED as to defendant Varner, the clerk is directed to

file Reyes' proposed amended complaint, (Doc. 44-1.) and all further proceedings shall be conducted on the basis of the averments set forth in this amended complaint.

So ordered, this 7th day of August 2013.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge